IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RHONDA N. HARJO and TIMOTHY HARJO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | No. 07-CV-184-JHP |
| UNITED STATES OF AMERICA, ex. rel., UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, JACQUELIN GREELEY, as Administrator of the Estate of JAMES M. GREELEY, M.D., Deceased, CARL ALBERT INDIAN FACILITY, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER AND OPINION

Before the Court are Defendant Jacquelin Greeley's, as Administrator of the Estate of James M. Greeley, M.D., Deceased, Motion to Dismiss [Docket No. 33], Plaintiff's Response in Opposition [Docket No. 35], and Greeley's Reply [Docket No. 36]. For the reasons set forth below, the Motion is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiffs filed a complaint initiating the instant action on June 21, 2007, alleging Defendants provided negligent medical care to Rhonda N. Harjo on May 29, 2003, while Harjo was a patient at Carl Albert Indian Hospital in Ada, Oklahoma. The complaint appears to assert both state law negligence and Federal Tort Claims Act ("FTCA") claims. (Compl. ¶ 1.1 at 2.)

Defendant Jacquelin Greeley ("Greeley") filed the instant motion to dismiss on January 3,

2008, claiming that both Plaintiffs' state law and FTCA claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Greeley argues that: 1) Plaintiffs' state law claims should be dismissed as time barred by Okla. Stat. tit. 76, § 18; and 2) Plaintiffs' FTCA claims should be dismissed because individual agent/employees of the federal government cannot be sued under that Act.

## DISCUSSION

**A. The State Law Claims**

Pursuant to Rule 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. In undertaking a Rule 12(b)(6) analysis, the Court accepts all well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff. *See Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).

Oklahoma law provides a two year statute of limitations for medical malpractice claims:

> An action for damages for injury or death against any physician, health care provider or hospital licensed under the laws of this state, whether based in tort, breach of contract or otherwise, arising out of patient care, shall be brought within two (2) years of the date the plaintiff knew or should have known, through the exercise of reasonable diligence, of the existence of the death, injury or condition complained of; provided, however, the minority or incompetency when the cause of action arises will extend said period of limitation.

Okla. Stat. tit. 76, § 18. "The statute begins to run from the date when the plaintiff knew, or should have known, through the exercise of reasonable diligence of the wrongful injury complained of." *McCarrol v. Doctors Gen. Hosp.*, 664 P.2d 382, 385 (Okla.1983). The question of when Plaintiffs had or should have had sufficient information to trigger t running of the statute of limitations is one of fact. *Gallagher v. Enid Reg'l Hosp.*, 910 P.2d 984, 986 (Okla.1995).

In this case, construing all allegations in the light most favorable to Plaintiffs, it is impossible

2

for the Court to unequivocally conclude the statute of limitations had run prior to the June 21, 2007 filing of the complaint. While Plaintiff Rhonda Harjo was treated by Defendants on May 29, 2003, and presumably injured on that date, there are no facts indicating when Plaintiffs knew or should have known that they had been wrongfully injured. Therefore, it would be premature to dismiss Plaintiffs' state law claims as time barred at this early state in the proceedings.

**B. The FTCA Claims**

The FTCA allows plaintiff to bring:

claims against the United States for money damages, ... for injury or loss of property, or personal injury of death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Although the United States' liability is predicated upon the actions of its employee(s), the only proper defendant under § 1346(b)(1) is the United States itself. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001) ("The United States is the only proper defendant in an FTCA action.").

Here, Plaintiffs' FTCA claims are predicated upon Dr. James M. Greeley having been a federal employee acting within the scope of his employment when he treated Plaintiff Rhonda Harjo on May 29, 2003. If Dr. Greeley was not a federal employee, there is no FTCA claim; if he was,[1] he is an improper defendant. Either way, a FTCA claim cannot be maintained against Defendant Jacquelin Greeley, as Administrator of the Estate of James M. Greeley, M.D., Deceased. Therefore,

---

[1]The Court would also note that if it turns out Dr. Greeley *was* a federal employee acting within the scope of his employment when he treated Plaintiff Rhonda Harjo, Plaintiffs' state law claims would be barred because an action against the United States under the FTCA provides the *exclusive* remedy for non-constitutional torts based on the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1).

3

that claim must be dismissed.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion is GRANTED in part, and DENIED in part. Specifically, Plaintiffs' FTCA claim against Defendant Greeley is dismissed.

IT IS SO ORDERED this 6th day of February, 2008.

James H. Payne
United States District Judge
Eastern District of Oklahoma