IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RHONDA N. HARJO and                        )
TIMOTHY HARJO,                             )
                                           )
              Plaintiffs,                  )
                                           )
vs.                                        )              No. 07-CV-184-JHP
                                           )
                                           )
UNITED STATES OF AMERICA, ex. rel.,        )
UNITED STATES DEPARTMENT                    )
OF HEALTH & HUMAN SERVICES,                )
JACQUELIN GREELEY,                         )
as Administrator of the Estate of          )
JAMES M. GREELEY, M.D., Deceased,          )
CARL ALBERT INDIAN FACILITY,               )
                                           )
              Defendants.                  )

## ORDER AND OPINION

Before the Court is Defendant United States of America's Motion for Summary Judgment

and Brief in Support (Docket No. 42). For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

### A. Undisputed Factual Background

Plaintiffs claim Dr. James M. Greeley ("Dr. Greeley") provided substandard medical care

to Plaintiff Rhonda Harjo ("Mrs. Harjo") while Mrs. Harjo was a patient at Carl Albert Indian Health

Facility ("CAIHF") in Ada, Oklahoma. CAIHF had obtained the services of Dr. Greeley from

CompHealth, Inc. through a purchase order. Pursuant to the purchase order, payment for Dr.

Greeley's services was made to CompHealth. CAIHF did not pay social security taxes for Dr.

Greeley nor did it provide liability insurance for Dr. Greeley—those premiums were paid by

CompHealth.

Mrs. Harjo filed an administrative claim by letter dated May 27, 2005. Mrs. Harjo's administrative claim was denied on August 30, 2006, because there was "no evidence that her injuries resulted from the negligence of a federal employee" (Docket No. 42-2 at 8). Mrs. Harjo requested reconsideration of the denial of her administrative claim by letter dated August 2, 2006,[1] and provided an expert report to support her allegation of negligence on the part of Dr. Greeley. The request for reconsideration was denied because Dr. Greeley was "a contractor at the time of the events and not a federal employee" (Docket No. 42-2 at 12).[2] Plaintiff Timothy Harjo ("Mr. Harjo") did not file a separate administrative claim.

## B. Procedural Background

Plaintiffs filed suit on June 21, 2007. Plaintiffs bring claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, against the United States of America, ex. Rel., United States Department of Health and Human Services ("the United States"), as well as state law claims against Jacquelin Greeley, as administrator of the estate of James M. Greeley, M.D., deceased ("the Estate"). The United States filed the instant motion for summary judgment on February 19,

---

[1] While both parties agree that Mrs. Harjo's August 2, 2006 letter (Docket No. 42-2 at 8) was a request for reconsideration, the Court is unclear as to how that request for reconsideration could have come *prior* to the August 30, 2006 letter denying Mrs. Harjo's claim—which presumably was the initial denial of the claim. That confusion is exacerbated by the fact the January 22, 2007 letter (Docket No. 42-2 at 12) denying the request for reconsideration, and a sworn affidavit by Mrs. Harjo (Docket No. 44-2 at 2), each state that Mrs. Harjo's request for reconsideration was filed September 6, 2006. However, because Defendant states that the request for reconsideration occurred on August 2, 2006, and Plaintiffs admit that as true in their response, the Court works under the assumption that August 2, 2006, is the correct date.

[2] Plaintiffs attempts to controvert this statement—made in paragraph 6 of Defendant's "Statement of Facts to Which There is No Genuine Dispute"—pursuant to LCvR 56.1(c). Plaintiffs, however, appear to mistakenly believe that this statement was referencing the August 30, 2006 letter denying Mrs. Harjo's administrative claim. Defendant's statement clearly references the January 22, 2007 letter denying Mrs. Harjo's request for reconsideration of her claim. That January 22, 2007 letter *does* specifically state that the claim is being denied because Dr. Greeley "was not a federal employee" (Docket No. 42-2 at 12).

2008.

The United States claims entitlement to summary judgment on two grounds: (1) Plaintiffs' failure to exhaust administrative remedies, and (2) Plaintiffs' failure to assert a claim against a federal employee. The Court addresses the United States' second contention first.

**DISCUSSION**

**A. Summary Judgment Standards**

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In making the summary judgment determination, the Court examines the factual record and draws reasonable inferences therefrom in the light most favorable to the non-moving party. *Simms v. Oklahoma*, 165 F.3d 1321, 1326 (10th Cir. 1999). The presence of a genuine issue of material fact defeats the motion. An issue is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id.* at 249.

**B. The FTCA's Limited Waiver of Sovereign Immunity**

The first issue presented by the United States' motion is whether Dr. Greeley was an "employee of a federal agency" within the meaning of the FTCA at the time he treated Mrs. Harjo. This is a question of law. *Duplan v. Harper*, 188 F.3d 1195, 1200 (10th Cir. 1999).

The FTCA is a limited waiver of sovereign immunity which makes the federal government liable to the same extent as a private party for certain torts of federal employees acting in the scope

of their employment. *See* 28 U.S.C. §§ 1346(b)(1) and 2674. The FTCA defines government employees as including officers and employees of "any federal agency" but specifically excludes "any contractor with the United States." 28 U.S.C. § 2671. Therefore, under the FTCA the United States is generally not liable for the negligence of a government contractor. *See United States v. Orleans*, 425 U.S. 807 (1976); *Logue v. United States*, 412 U.S. 521 (1973). Here, as the party asserting Dr. Greeley's federal employee status, Plaintiffs have the burden of proving Dr. Greeley was a federal employee. *Waconda v. United States,* 2007 WL 2219472, 11 (D.N.M. 2007)(citing *Woodruff v. Covington*, 389 F.3d 1117, 1127-28 (10th Cir. 2004)); *Duncan v. United States*, 562 F. Supp. 96, 99 (D.C.La. 1983).

The United States contends that Dr. Greeley was not a federal employee at the time he treated Mrs. Harjo, thus entitling the United States to judgment as a matter of law. Plaintiffs, however, argue a question of fact related to this issue exists which defeats the instant motion for summary judgment. Specifically, Plaintiffs argue that the Estate's statement in its answer to the complaint that "[it] is entitled to immunity to suit" amounts to an assertion on the part of the Estate that Dr. Greeley was a federal employee and not an independent contractor. Based upon this reading of the Estate's answer, Plaintiffs argue that a factual dispute has been created that is material to the issue of whether Dr. Greeley was a federal employee or an independent contractor.

Even if the Court agrees with Plaintiffs' reading of the Estate's assertion that "[it] is entitled to immunity from suit", the Court is not convinced that this self-serving and conclusory statement creates a factual dispute. At best, the statement can be said to indicate that the Estate has concluded

that Dr. Greeley's relationship with CAIHF was an employer/employee relationship.[3] The United States has made no factual assertions disputing that fact. The United States *has* asserted that CAIHF did not view Dr. Greeley as an employee. These two factual assertions are not in *factual* conflict,[4] the only conflict is between the competing *legal* conclusions arrived at by the parties. For the purposes of this motion, the Court assumes that the Estate does in fact consider Dr. Greeley to have been an employee of CAIHF. The Court will weigh that factual assertion along with the factual assertions made by the United States and reach a legal conclusion as to the nature of Dr. Greeley's relationship with CAIHF.

In making the federal employee/independent contractor distinction, the "critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to control the detailed physical performance of the contractor.'" *United States v. Orleans*, 425 U.S. 807, 814 (1976)(quoting *Logue v. United States*, 412 U.S. 521, 528 (1973)). The Tenth Circuit has articulated a seven factor test to guide this determination: (1) the intent of the parties; (2) whether the United States controls only the end result or may also control the manner and method of reaching the result; (3) whether the person uses her own equipment or that of the United States; (4) who provides liability insurance; (5) who pays social security tax; (6) whether federal regulations prohibit federal employees from performing such contracts; and (7) whether the individual has authority to

---

[3]The Court would also note that the Estate's assertion in its answer that "[it] is entitled to immunity from suit" is an alternative pleading to be relied upon only "if need there be" (Docket No. 41 at 2). Also, for purposes of its motion to dismiss (Docket No. 36, fn. 1), the Estate pointedly took no position on whether Dr. Greeley was a federal employee or an independent contractor. Additionally, the Estate has filed a motion for summary judgment (Docket No. 46) claiming the statute of limitations bars Plaintiffs' state law claims, a position which presumes Dr. Greeley was an independent contractor. Each of these factors cuts against Plaintiffs' assertion that the Estate "continues to assert that [it] is immune from suit based upon the fact that [Dr. Greeley] was an employee of Defendant."

[4]A factual conflict would be created were the United States to assert "the Estate does *not* view Dr. Greeley's relationship with CAIHF to have been an employer/employee relationship."

subcontract to others. *Woodruff v. Covington,* 389 F.3d 1117, 1126 (10th Cir.2004).

Applying those factors to Dr. Greeley, the Court finds that the first factor, the intent of the parties, cuts in neither direction. Assuming Plaintiffs' reading of the Estate's answer is correct, it would appear that the Estate views Dr. Greeley's prior relationship with CAIHF to be an employer/employee relationship. CAIHF, however, viewed Dr. Greeley as an independent contractor and has provided an affidavit from Melissa Edgar, CAIHF's Manager of Medical Support Services, attesting to as much (Docket No. 42-3). Because each of the parties viewed the relationship differently, that factor does not aid the Court in its analysis.

The fourth and fifth factors clearly cut in favor of a finding that Dr. Greeley was an independent contractor. Melissa Edgar attests in her affidavit that CAIHF neither provided liability insurance nor paid social security taxes for Dr. Greeley (*id.*).

No evidence has been provided that is relevant to any of the remaining factors, although the United States argues in its motion that it had no control over the day-to-day operations of Dr. Greeley. Even were the Court to consider this argument as evidence of Dr. Greeley's independent contractor status, the Tenth Circuit has made it clear that because the "day-to-day control" test is difficult to apply in the case of physicians, the critical question is "whether other evidence manifests an intent to make the professional an employee subject to other forms of control which are permissible." *Woodruff,* 389 F.3d at1127. Neither side has presented any evidence relevant to that inquiry.

In sum, while Plaintiff has the burden of proving that Dr. Greeley was a federal employee, Plaintiff has failed to come forward with any evidence—other than a vague, self-serving statement made in the Estate's answer—that would tend to show that Dr. Greeley was a federal employee. On

the other hand, the United States has provided an affidavit from an employee of CAIHF claiming

Dr. Greeley was not an employee of CAIHF and claiming that CAIHF did not pay social security

taxes for Dr. Greeley, a purchase order from CAIHF to CompHealth, Inc. for Dr. Greeley's services,

and a certificate of liability insurance showing that Dr. Greeley's insurance premiums were paid by

CompHealth, Inc. and not CAIHF (Docket Nos. 42-2, 42-3). This evidence all tends to support the

United States' position that Dr. Greeley was not a federal employee. Plaintiffs have simply failed

to produce enough evidence to satisfy their burden of establishing that Dr. Greeley was a federal

employee.

The Court thus concludes that Dr. Greeley was not a federal employee at the time he treated

Mrs. Harjo. The United States is therefore not the proper defendant for claims arising out of Dr.

Greeley's alleged negligence.

## C. Exhaustion of Administrative Remedies

The Court next addresses the question of whether Plaintiffs had exhausted their

administrative remedies against the remaining unnamed governmental defendants prior to the filing

of their suit.

The FTCA, as a jurisdictional prerequisite, "bars claimants from bringing suit in federal court

until they have exhausted their administrative remedies." *Duplan v. Harper*, 188 F.3d 1195, 1199

(10th Cir. 1999). Plaintiffs bear the burden of proving they timely filed an administrative claim, thus

bringing their claim within the scope of the FTCA's waiver of sovereign immunity. *See Baird v.*

*United States*, 653 F.2d 437, 440 (10th Cir. 1981), *cert. denied*, 454 U.S. 1144 (1982). "Because the

FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements

established by the FTCA must be strictly construed[.]" *Bradley v. United States ex rel. Veterans*

*Admin.*, 951 F.2d 268, 270 (10th Cir.1991) (citation omitted). Therefore, the FTCA "requires that claims for damages against the government be presented to the appropriate federal agency by filing '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Bradley*, 951 F.2d at 270 (quoting *Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir.1984)).

The second issue presented by the United States' motion is whether Plaintiffs exhausted their administrative remedies prior to the filing of the instant suit. More specifically, the issues are: (1) whether Mr. Harjo filed an administrative claim at all; and (2) whether Mrs. Harjo's administrative claim adequately noticed the United States that claims were being asserted against individuals other than Dr. Greeley.

### 1.    Timothy Harjo

Plaintiffs complaint asserts a claim on behalf of Mr. Harjo for loss of consortium. The United States argues that Mr. Harjo did not exhaust his administrative remedies prior to filing this claim.

The regulation accompanying 28 U.S.C. § 2675(a) states that:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a).

In the present case, Mr. Harjo did not file an administrative claim on his own behalf. Additionally, the Court has examined the "Notice of Federal Tort Claim" letter (Docket No. 42-1)

filed by Mrs. Harjo on May 27, 2005. Mr. Harjo is not identified as a claimant; indeed, the letter provides no notice whatsoever that Mr. Harjo was injured or in any way involved in the incident involving Mrs. Harjo.[5] Therefore, Mr. Harjo failed to exhaust his administrative remedies prior to filing suit. *See Pipkin v. U.S. Postal Service*, 951 F.2d 272, 273 (10th Cir. 1991)(citing *Adams ex rel. Adams v. United States Dep't of Housing & Urban Dev.*, 807 F.2d 318, 319-20 (2d Cir.1986); *Cogburn v. United States*, 717 F.Supp. 958, 963 (D.Mass.1989); *Wozniak v. United States*, 701 F.Supp. 259, 262-63 (D.Mass.1988)).

Because Mr. Harjo failed to exhaust his administrative remedies prior to filing suit, the Court has no jurisdiction to hear his FTCA claim. That claim must therefore be dismissed.

### 2. Rhonda Harjo

Plaintiffs' complaint contains an allegation that Defendants "failed to provide and/or maintain adequate facilities, equipment and/or procedures undertaken on Rhonda N. Harjo . . . and provided either assistance in and for the procedure undertaken or personnel for assistance in and for the procedures undertaken on Rhonda N. Harjo, whose care and treatment fell below the applicable standards of care." (Compl. ¶¶ 4.2, 4.3.) Because this appears to be an attempt to assert negligence on the part of individuals other than Dr. Greeley, the Court addresses whether Mrs. Harjo exhausted her administrative remedies against these other individuals.

Mrs. Harjo's administrative claim, presented in the form of a letter titled "Notice of Federal Tort Claim" was presented to the Department of Health and Human Services and the Bureau of Indian Affairs on May 27, 2005 (Docket No. 42-1). The United States claims Mrs. Harjo's letter only presents a claim against Dr. Greeley, and provides no notice of claims against any other

---

[5]In fact, the administrative claim refers to Mrs. Harjo as "Ms. Harjo" and makes no mention of the fact that Mrs. Harjo has a spouse.

individuals or entities. The United States therefore argues that Mrs. Harjo's administrative remedies have only been exhausted as to Dr. Greeley, and not to any other potential governmental defendants. Mrs. Harjo argues that because her letter states it is presenting a claim "against the U.S. Department of Justice and Bureau of Indian Affairs" her letter should be construed as providing notice to the United States that claims were being made based upon the negligence of individuals other than Dr. Greeley.

The relevant test is whether the claim's language "'serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct.'" *Staggs. v. U.S.ex rel. Dept. of Health and Human Services*, 425 F.3d 881, 884 (10th Cir. 2005)(quoting *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir.2005)). "In accordance with the test's pragmatic purpose...a claim should give notice of the underlying facts and circumstances 'rather than the exact grounds upon which [the claimant] seeks to hold the government liable.'" *Id.*

The Court has examined Mrs. Harjo's claim letter, and finds in it only allegations of negligence on the part of Dr. Greeley. In fact, the section of the letter identifying Mrs. Harjo's injuries links those injuries to Dr. Greeley, and Dr. Greeley alone: "[a]s a result of Dr. Greely's [sic] negligence, Ms. Harjo suffered extreme pain, had to undergo an additional surgeries [sic] and has a high probability of needing a liver transplant." In a later section, the letter does state that:

> This claim is being presented against the U.S. Department of Justice and Department of Indian Affairs because Ms. Harjo is a member of the Chickasaw Nation of Oklahoma, consequently she received treatment at the Carl Albert Indian Hospital and was treated by Dr. Greely [sic].

(Docket No. 44-3 at 2). Plainly read, this language simply explains why Mrs. Harjo received treatment at CAIHF, and explains why the claim is being presented to the particular federal agencies mentioned. *See* 28 U.S.C. § 2675(a)(requiring FTCA claimants to present their administrative claim

to the "appropriate Federal agency"). That language cannot fairly be read as asserting a claim of negligence against anyone other than Dr. Greeley, nor can it be said to satisfy the exhaustion requirement's pragmatic purpose—which is to supply enough information to the government so that the government can initiate an investigation of what happened and attempt to evaluate the claim with an eye towards settlement. *See* S.Rep. No. 1327, 89th Congress, 2d Sess. 2 (1966), reprinted in 1966 U.S.Code Cong. & Ad.News ("USCCAN") 2515, 2516 (The FTCA is designed "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.").

Additional evidence of the claim letter's failure to satisfy the notice requirement's pragmatic purpose can be found in the letter denying Mrs. Harjo's administrative claim (Docket No. 42-2 at 6), the letter requesting reconsideration and accompanying expert report (Docket No. 42-2 at 8-11), and subsequent letter denying the request for reconsideration (Docket No. 42-2 at 12), all of which contemplate a claim based solely on the negligence of Dr. Greeley. If Mrs. Harjo had intended her administrative claim to include claims against individuals other than Dr. Greeley, it certainly seems as though Mrs. Harjo would have raised that fact in response to the federal government's denial of her administrative claim on the grounds that Dr. Greeley was not a federal employee. To the contrary, it is apparent from the correspondence between the parties that the federal government was only investigating a claim of negligence on the part of Dr. Greeley and Mrs. Harjo never took steps to correct what she now claims was a misapprehension on the part of the federal government.

The Court therefore agrees with the United States that it was not properly put on notice that Mrs. Harjo was making claims against individuals other than Dr. Greeley. Mrs. Harjo simply cannot be said to have "serve[d] due notice that the agency should investigate the possibility of particular

(potentially tortious) conduct" on the part of anyone other than Dr. Greeley. Having failed to put the United States on notice, Mrs. Harjo cannot be said to have exhausted her administrative remedies as to her claims against those other individuals.

To the extent Mrs. Harjo asserts FTCA claims based on the negligence of individuals other than Dr. Greeley, Mrs. Harjo failed to exhaust her administrative remedies prior to filing suit. Therefore, the Court has no jurisdiction to hear those claims, and those claims must be dismissed.

## CONCLUSION

For the reasons set forth above, Defendant United States of America, ex. rel., United States Department of Health and Human Services' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED this 31st day of March, 2008.

James H. Payne
United States District Judge
Eastern District of Oklahoma