IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RHONDA N. HARJO and )
TIMOTHY HARJO, )
)
       Plaintiffs, )
)
vs. ) No. 07-CV-184-JHP
)
)
)
JACQUELIN GREELEY, )
as Administrator of the Estate of )
JAMES M. GREELEY, M.D., Deceased, )
)
)
       Defendant. )

## ORDER AND OPINION

Before the Court is Defendant Jacquelin Greeley's Motion for Summary Judgment and Brief in Support (Docket No. 46). For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

**A.   Undisputed Factual Background**

On June 29, 2003, Plaintiff Rhonda N. Harjo ("Mrs. Harjo") underwent a cholecystectomy at Carl Albert Indian Hospital in Ada, Oklahoma. The cholecystectomy was performed by Dr. James M. Greeley. Mrs. Harjo was discharged from the hospital on or about June 30, 2003, but returned to the hospital on July 3, 2003, because of abdominal pain. Mrs. Harjo was transferred to Integris Baptist Hospital in Oklahoma City for further treatment. There, Mrs. Harjo was diagnosed as having an injury to her common duct and underwent surgery to repair that injury.

On May 27, 2005, Mrs. Harjo filed an administrative tort claim alleging injury based on the

1

surgery performed by Dr. Greeley. The administrative tort claim, which was dated May 27, 2005, alleged Mrs. Harjo suffered injury "as a result of Dr. Greeley's negligence."[1] This lawsuit alleging malpractice on the part of Dr. Greeley was filed June 21, 2007.

**B.     Procedural Background**

Plaintiffs filed suit on June 21, 2007. Plaintiffs brought claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, against the United States of America, ex. rel., United States Department of Health and Human Services ("the United States"), as well as state law claims against Jacquelin Greeley, as administrator of the estate of James M. Greeley, M.D., deceased ("the Estate"). The United States filed a motion for summary judgment on February 19, 2008, which this Court granted on March 31, 2008. The state law claims against the Estate remain. On March 14, 2008, the Estate filed the instant motion for summary judgment seeking judgment as a matter of law on those state law claims.

The Estate claims entitlement to summary judgment based on Plaintiffs' alleged failure to file suit within the statute of limitations. Plaintiffs argue the statute should be tolled for the time they spent pursuing their administrative claim with the federal government.

## DISCUSSION

**A.     Summary Judgment Standards**

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any

---

[1] The Court recognizes that Plaintiff attempts to controvert this statement pursuant to LcvR 56.1(c) with the following statement: "Plaintiff did not discover the status of Dr. Greeley's employment until the final denial and exhaustion of the administrative claim which is required to be completed prior to filing suit." (Docket No. 47 at 3). This statement wholly fails to contradict the Estate's statement that "Plaintiff's administrative tort claim dated May 27, 2005, alleged, 'as a result of Dr. Greeley's negligence' she suffered injury." (Docket No. 46 at 3).

material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In making the summary judgment determination, the Court examines the factual record and draws reasonable inferences therefrom in the light most favorable to the non-moving party. *Simms v. Oklahoma*, 165 F.3d 1321, 1326 (10th Cir. 1999). The presence of a genuine issue of material fact defeats the motion. An issue is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id.* at 249.

**B.     The Statute of Limitations**

The burden of pleading and proving the applicability of the affirmative defense of statute of limitations generally rests on the defendant. *Moneypenney v. Dawson,* 141 P.3d 549, 551 (Okla. 2006). However, once the time bar is established, the plaintiff bears the burden of proving the statute of limitations should be tolled. *Beatty v. Scott,* 362 P.2d 699, 701 (Okla. 1961).

> Oklahoma law provides a two year statute of limitations for medical malpractice claims:
>
> An action for damages for injury or death against any physician, health care provider or hospital licensed under the laws of this state, whether based in tort, breach of contract or otherwise, arising out of patient care, shall be brought within two (2) years of the date the plaintiff knew or should have known, through the exercise of reasonable diligence, of the existence of the death, injury or condition complained of; provided, however, the minority or incompetency when the cause of action arises will extend said period of limitation.

Okla. Stat. tit. 76, § 18. "The statute begins to run from the date when the plaintiff knew, or should have known, through the exercise of reasonable diligence of the wrongful injury complained of." *McCarrol v. Doctors Gen. Hosp.*, 664 P.2d 382, 385 (Okla.1983). The question of when a plaintiff had or should have had sufficient information to trigger the running of the statute of limitations is

3

usually one of fact. *Gallagher v. Enid Reg'l Hosp.*, 910 P.2d 984, 986 (Okla.1995).

In the instant case, it is undisputed that Mrs. Harjo filed her administrative complaint on May 27, 2005, complaining of injuries alleged to have been caused by Dr. Greeley's malpractice. It is undisputed that Plaintiffs did not file the instant lawsuit until June 21, 2007, approximately 25 months after the filing of the administrative complaint. Recognizing that the question of when the statute of limitations began to run is usually one of fact, the Court is nonetheless convinced the administrative claim filed on May 27, 2005, unequivocally establishes that Mrs. Harjo knew of the injury she now complains of no later than that date. Because Mrs. Harjo has failed to dispute this fact, this highly material fact can be deemed admitted for the purposes of this motion. *See* LCvR 56.1(c). Therefore, Mrs. Harjo clearly filed her lawsuit more than two years after she became aware of her wrongful injury.

Satisfied that the Estate has met its burden of proving the applicability of the statute of limitations, the burden now shifts to Plaintiffs to show the statute should be tolled. Although Plaintiffs' response is convoluted, it appears Plaintiffs argue that the statute of limitations should be tolled for the period of time in which Mrs. Harjo was (unsuccessfully) pursuing her administrative remedies with the federal government. Because final denial of that administrative claim was not received until January 22, 2007, Plaintiffs argue that their filing of this lawsuit on June 21, 2007, was timely.

Plaintiff fail to cite any caselaw to support their tolling argument, and the Court is convinced that argument is without merit. Exhaustion of administrative remedies is, of course, a jurisdictional prerequisite to the filing of an action under the FTCA, but that simply has no bearing on the timeliness of Plaintiffs state law suit. Indeed, the FTCA certainly does not require the exhaustion

4

of federal administrative remedies as a prerequisite to the filing of a *state* law claim—the exhaustion requirement is a prerequisite to the filing of the *federal* law FTCA claim.

In this case, Plaintiffs simply sought recovery from the wrong entity—the United States. Plaintiffs should have considered the possibility that Dr. Greeley was not a federal employee and filed a state law claim prior to the running of the statute of limitations. Plaintiffs' failure to do so has resulted in the state law claims against the Estate being filed after the statute of limitations had run, and Plaintiffs have failed to meet their burden of showing the statute should be tolled. Although Mr. Harjo's loss of consortium claim was not part of the administrative claim, that claim is a derivative of Mrs. Harjo's claim. *Laws v. Fisher,* 513 P.2d 876, 878 (Okla. 1973). Therefore, if Mrs. Harjo's claim must be dismissed as time barred, Mr. Harjo's claim similarly cannot be maintained. The Court thus finds that Plaintiffs' state law claims against the Estate fail as a matter of law.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED this 22nd day of April, 2008.

James H. Payne
United States District Judge
Eastern District of Oklahoma