IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RHONDA N. HARJO and )
TIMOTHY HARJO, )
 )
       Plaintiffs, )
 )
vs. ) No. 07-CV-184-JHP
 )
 )
 )
JACQUELIN GREELEY, )
as Administrator of the Estate of )
JAMES M. GREELEY, M.D., Deceased, )
 )
 )
       Defendant. )

## ORDER AND OPINION

Before the Court is Plaintiffs' "Motion for New Trial" (Docket No. 53). There was, of course, no trial in this case. Thus, the Court treats the motion as a Fed. R. Civ. P. 59(e) Motion to Alter or Amend Judgment—often characterized as a "motion to reconsider." Plaintiffs ask the Court to reconsider its April 22, 2008 order (Docket No. 51) granting Defendant's motion for summary judgment because "the policy of the Federal Pleading Code is to resolve disputes based on the merits rather than on mere technicalities."[1]

Grounds for granting a motion to alter or amend judgment include: "(1) where the court

---

[1] The Court assumes Plaintiffs are referencing the Federal Rules of Civil Procedure. However, summary judgment was not granted based on a pleading defect, but rather on Defendant's successful assertion of a statute of limitations defense. Statutes of limitations are, of course, not found within the Federal Rules of Civil Procedure. Therefore, Plaintiffs' reference to a policy underlying the Federal Rules of Civil Procedure would seemingly be inapposite to this case. To ensure that Plaintiffs were not referencing a policy underlying some other federal provision that might perhaps be relevant to this case, the Court conducted a Westlaw search of all federal cases and statutes for the phrase "Federal Pleading Code," but the search returned no results.

1

made a manifest error of fact or law; (2) where there is newly discovered evidence; and (3) where there has been a change in the law." *Renfro v. City of Emporia, Kansas*, 732 F.Supp. 1116, 1117 (D.Kan.1990) (citation omitted). Based upon Plaintiffs' statement that "the Court's decision to grant Defendant's Motion to Dismiss is in opposition to the facts and law," the Court presumes Plaintiffs seek relief based upon a "manifest error of fact or law."[2]

It is, however, improper to file a motion to reconsider as a "vehicle for the losing party to rehash arguments previously considered and rejected by the district court." *Gaschler v. Scott County, Kansas*, 963 F.Supp. 971, 980 (D.Kan.1997). And "a motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *See Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir.1994). Based upon these standards, Plaintiffs' motion is clearly improper, as it simply re-urges the flawed arguments previously rejected by this Court.[3] The Court therefore declines to revisit those arguments, and rejects them for the same reasons set forth in its April 22, 2008 order.

Finally, the Court would be remiss if it failed to address Plaintiffs' characterization of statutes of limitations as "mere technicalities." The Supreme Court has, of course, long thought otherwise:

> Statutes of limitations are not simply technicalities. On the contrary, they have long

---

[2] The Court would note that it is this Court's granting of a Motion for Summary Judgment, and not a Motion to Dismiss, that Plaintiffs contend was in error.

[3] Just as they did in their response to the motion for summary judgment, Plaintiffs argue—without the benefit of a single citation to caselaw, statute, or other authority—that the two year statute of limitations on medical malpractice claims found at Okla. Stat. tit. 76, § 18 should be tolled for the time period in which Plaintiffs pursued federal administrative remedies. This failure to cite any supporting authority makes it impossible for the Court to conclude that its decision was "in opposition to the [] law," as Plaintiffs claim.

2

been respected as fundamental to a well-ordered judicial system. Making out the substantive elements of a claim for relief involves a process of pleading, discovery, and trial. The process of discovery and trial which results in the finding of ultimate facts for or against the plaintiff by the judge or jury is obviously more reliable if the witness or testimony in question is relatively fresh. Thus in the judgment of most legislatures and courts, there comes a point at which the delay of a plaintiff in asserting a claim is sufficiently likely either to impair the accuracy of the fact-finding process or to upset settled expectations that a substantive claim will be barred without respect to whether it is meritorious.

*Board of Regents v. Tomanio,* 446 U.S. 478, 487 (1980).

The motion is DENIED.

IT IS SO ORDERED this 2nd day of June, 2008.

*James H. Payne*
United States District Judge
Eastern District of Oklahoma